ROBERT GLENDENNING, JR., *et al.* Appellants, *against* O. HOWARD BLOOD, Respondent.

(Decided May 22d, 1884.)

The possession of a usurious note by the indorsee being presumptive evidence that he received it before it became due, for a valuable consideration, without notice of the usury, an indorsee who holds a usurious note before it matures, and to whom afterwards a new security is given in lieu of it, may, in an action upon such new security, rely upon the legal presumption that his title is good, and the burden is upon the defendant to establish a defense.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury rendered by direction of the court and an order denying a motion for a new trial.

The facts are stated in the opinion.

*Charles H. Hatch,* for appellants.

*William L. Snyder,* for respondent.

VAN HOESEN, J.—Judge MCADAM placed his decision of this case upon the ground that the plaintiffs were the persons that were guilty of the usury. If he be right in that, there is no doubt as to the correctness of the judgment of the City Court. But is he right? The testimony of Cullinan shows that before the maturity of the usurious note the plaintiffs held it as collateral security for a debt that he owed them, and that at some time, which is not mentioned, they accepted the note from him as so much money. It also appears that when suit was brought upon the usurious note the plaintiffs owned it, but this might be true though it was transferred to them absolutely after its maturity. Upon the testimony of Cullinan I should not be willing to

disturb the judgment, but there is something more in the case; a presumption, which, till it be overcome, is decisive in favor of the plaintiffs.

It has been decided by a court of great authority that "the possession of an usurious note by the indorsee is presumptive evidence that he received it before it became due, for a valuable consideration, without notice of the usury" (*Smedberg* v. *Whittlesey*, 3 Sandf. Ch. 321). This decision was followed by the Superior Court in *Smedberg* v. *Simpson* (2 Sandf. Super. Ct. 85), and in *Smalley* v. *Doughty* (6 Bosw. 66). The case of *Smedberg* v. *Simpson* was followed by the Supreme Court in *Kilner* v. *O'Brien* (14 Hun 414).

Where the plaintiff holds the usurious note before it matures, and a new security is afterwards given to him in lieu of it, he may rely upon the legal presumption that his title is good, and the burden is upon the defendant to establish a defense.

It is true that some stress was laid by the Assistant Vice Chancellor, in *Smedberg* v. *Whittlesey*, upon the fact that the debtor, when he gave the new security, did not suggest that the original note was void for usury, but in the case of *Smedberg* v. *Simpson*, it was known to Smedberg, when he took the new note, that the makers disputed the old note as usurious. The latter case is, therefore, analogous to the case now under consideration. I see in the testimony strong reasons for believing that the plaintiffs never acquired title to the usurious note till after it fell due, and that then they had notice that it was only a debt of honor, for Cullinan said that he told the plaintiffs that Blood would be "honorable enough to pay it." But these are matters for the consideration of the jury, to whom the case should have been submitted. The judge could not say as matter of law that the plaintiffs were guilty of usury. If they were not *bona fide* holders for value before maturity, or if they had notice before they became the owners of the note that it was usurious, they stand in no better position than Cullinan, and have no more meritorious claim than he would have had if he had taken the new note. But if their posi-

tion was like that of Smedberg, they were entitled to a judgment in their favor.

Judgment reversed and a new trial ordered, with costs to abide event.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.